
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**OTHO NATHANIEL PARTLOW,**

> **Plaintiff,**

v.                                                                    **Civil Action No. 2:09cv474**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

> **Defendant.**

## OPINION AND ORDER

This matter is currently before the court on plaintiff's objections to the United States

Magistrate Judge's Report and Recommendation ("R&R"). After examination of the briefs and

record, the court determines that oral argument is unnecessary because the facts and legal

arguments are adequately presented, and the decisional process would not be significantly aided

by oral argument. For the reasons set forth below, plaintiff's objections to the R&R are

overruled, and defendant's final decision is **AFFIRMED**. As a result, plaintiff's Motion for

Summary Judgment is **DENIED**, and defendant's Motion for Summary Judgment is

**GRANTED**.

### Procedural History

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial

review of defendant's final decision denying his claims for disability insurance benefits ("DIB")

and supplemental security income ("SSI") under the Social Security Act (the "Act"). Pursuant to

28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Local Civil Rule

72 of the Local Rules of the United States District Court for the Eastern District of Virginia, the court referred this matter to United States Magistrate Judge F. Bradford Stillman. By Order dated December 7, 2009, the Magistrate Judge set a briefing schedule, and the parties thereafter filed cross-motions for summary judgment. On August 5, 2010, the Magistrate Judge filed a R&R recommending that the court affirm the Administrative Law Judge's ("ALJ") determination that plaintiff is not disabled within the meaning of the Act because he has the residual functional capacity ("RFC") to perform a full range of light work and is therefore capable of performing jobs that exist in significant numbers in the national economy. By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date the R&R was mailed. Plaintiff filed timely objections, and defendant responded. Accordingly, this matter is ripe for consideration.

## Standard of Review

When reviewing a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). In so doing, the district court is authorized to accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

As noted in the R&R, the scope of judicial review of a final decision made by the Commissioner of the Social Security Administration is limited. A reviewing court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). "Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Stated another way, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Commissioner." Johnson, 434 F.3d at 653. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner]." Id. Indeed, if the Commissioner's decision is based on substantial evidence, it must be affirmed regardless of whether the reviewing court would have reached a different conclusion. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, the issue currently before the court is not whether plaintiff is disabled, but whether the Commissioner's finding that plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See Johnson, 434 F.3d at 653 (citing Craig, 76 F.3d at 589).

## Plaintiff's Objections

Plaintiff's objections, as well as the R&R, focus on the ALJ's determination that plaintiff possessed the RFC to perform a full range of light work. In support of his summary judgment motion, plaintiff argued that the ALJ was required to give controlling weight to the opinions of plaintiff's two physicians, Dr. Greco and Dr. Gibson, and that the ALJ failed to adequately

explain his rejection of those opinions.[1] The Magistrate Judge, however, found that substantial

evidence supported the weight afforded the physicians' opinions by the ALJ, and that the ALJ

adequately explained his reason for rejecting those opinions, as required by the relevant

regulations. In objecting to the R&R, plaintiff contends that the Magistrate Judge (1)

misconstrued and misstated the law concerning the weight afforded medical opinions; and (2)

improperly substituted his own reasoning for that provided by the ALJ. As previously noted, the

court reviews the issues raised by plaintiff's objections *de novo*. Fed. R. Civ. P. 72(b); 28 U.S.C.

§ 636(b)(1)(C).

## Analysis

The evaluation of medical opinion evidence is governed by 20 C.F.R. § 404.1527.

Pursuant to that section, the Social Security Administration ("SSA") generally gives "more

weight to opinions from [a plaintiff's] treating sources."[2] 20 C.F.R. § 404.1527(d)(2). Indeed, as

noted in the R&R, a treating physician's opinion as to the nature or severity of a plaintiff's

impairment is entitled to controlling weight if it is "well-supported by medically acceptable

---

[1] Plaintiff's motion also appears to assert that the ALJ erred because his final determination is inconsistent with an oral statement he made during the hearing regarding plaintiff's disability. In addition, plaintiff appears to contend that the ALJ erred by failing to consider evidence introduced into the record after plaintiff's hearing. Having reviewed the record in its entirety, the court is of the opinion that the R&R sufficiently addresses each of these issues. Accordingly, the court adopts the explanation in the R&R as to each of these issues and finds them to be without merit.

[2] The relevant regulations define a "treating source" as "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. In contrast, a "nontreating source" is defined as "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you." Id.

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in [a plaintiff's] case record . . . ."[3] Id. That being said, an ALJ has discretion "to give

less weight to the testimony of a treating physician in the face of persuasive contrary evidence."

Johnson, 434 F.3d 650, at 654 (internal quotations omitted); see also Mastro, 270 F.3d at 178

("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other

substantial evidence, it should be accorded significantly less weight. Under such circumstances,

the ALJ holds the discretion to give less weight to the testimony of a treating physician . . . .").

Moreover, a treating physician's opinion that a plaintiff is "disabled" or "unable to work" is not

entitled to controlling weight, or given "any special significance," because such statements are

considered to be "administrative findings that are dispositive of [the] case," and, as such, are

reserved to the Commissioner.[4] See 20 C.F.R. § 404.1527(e).

---

[3] Unlike a treating physician's opinions, the opinions of non-treating physicians can never be entitled to "controlling weight." See 20 C.F.R. § 404.1527(d)(2). That being said, the opinions of non-treating physicians "can be relied upon when [they are] consistent with the record." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

[4] As noted in the R&R, current regulations distinguish between an RFC assessment and medical source statements. See 20 C.F.R. §§ 404.1527(e), 404.1546, 404.1513. An RFC assessment is an administrative finding regarding an individual's ability to perform work-related activities, and is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e); Soc. Sec. Ruling 96-5p, July 2, 1996, 1996 WL 374183, at *5. In comparison, medical source statements "are medical opinions submitted by acceptable medical sources . . . about what an individual can still do despite a severe impairment(s), in particular about an individual's physical or mental abilities to perform work-related activities on a sustained basis." Soc. Sec. Ruling, at *4. "Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment. Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 . . ., providing appropriate explanations for accepting or rejecting such opinions." Id. at *5. Furthermore, "[a]lthough the overall RFC assessment is an administrative finding on an issue reserved to the Commissioner, the adjudicator must nevertheless adopt in that assessment any treating source medical opinion . . . to which the adjudicator has given controlling weight under the rules in 20 C.F.R. 404.1527(d)(2) . . . . Id. Thus, contrary to the

If a treating physician's medical opinion is not afforded controlling weight, it must be further evaluated in order to determine the appropriate weight, if any, to which it is entitled. In conducting this analysis, the ALJ must consider certain factors, such as the treating physician's length of treatment of the claimant, the physician's frequency of examination, the nature and extent of the treatment relationship, the opinion's direct medical evidentiary support, the consistency of the opinion with the record as a whole, and the specialization of the treating physician. See 40 C.F.R. § 404.1527(d); Burch v. Apfel, 9 Fed. Appx. 255, 259 (4th Cir. 2001) (unpublished). Similarly, when evaluating the appropriate weight to be given a non-treating physician's medical opinion, the ALJ must consider these same factors. See 20 C.F.R. § 404.1527(f).

As previously discussed, plaintiff maintains that the ALJ improperly disregarded the medical opinions of plaintiff's two physicians, Dr. Greco and Dr. Gibson, and that the ALJ failed to adequately explain his rejection of those opinions. For the reasons detailed below, the court disagrees.

With regard to Dr. Greco, the ALJ disregarded a medical evaluation dated March 19, 2008, in which Dr. Greco concluded that plaintiff had several work-related limitations. Record at 13, 257-59. According to the ALJ, he rejected this opinion because it was "not supported by any clinical evidence in the record." Id. at 13. As noted in the R&R, while the ALJ did not explicitly state how the record failed to support Dr. Greco's opinion, it is evident from his written decision that he arrived at this conclusion after considering numerous medical evaluations, tests,

conclusion stated in the R&R, medical source statements can qualify as medical opinions which may be afforded controlling weight in certain circumstances. See R&R at 19.

and treatment notes. For example, the ALJ considered Dr. Greco's previous medical evaluations which determined that plaintiff suffered from mild to moderate restrictions in range of motion and mild diffuse palpation tenderness, but "ambulated with a normal heel/toe gait, no difficulties with stance or station and normal mood/effect." Id. at 12, 212-13. The ALJ also noted that Dr. Dom, a physician at Peninsula Regional Medical Center, examined plaintiff and reported that while plaintiff exhibited some tenderness, he did not exhibit pain behaviors. Id. at 12. Dr. Dom further noted that plaintiff's motor strength was 5/5. Id. Similarly, when plaintiff visited the emergency room, he was examined and found to have symmetric reflexes and normal strength and tone in his bilateral extremities. Id. In addition, the ALJ observed that an MRI conducted in December of 2007 showed evidence of disc herniation and mild DDD of the lumbar spine, while another conducted in January of 2009 revealed mild desiccation and no central canal or foraminal stenosis. Id. Furthermore, an x-ray performed in January of 2009 "showed no evidence of subluxation or compression fracture involving the lumbar spine, as well as no degenerative changes." Id. Finally, the ALJ noted that he reviewed the medical opinions of non-examining medical consultants in accordance with 20 C.F.R. §§ 404.1527(f) and 416.927(f). Id. at 13. Because he found these opinions to be consistent with the evidence presented, he afforded them significant weight.[5]

In short, the ALJ reviewed the medical evidence presented to him and concluded that Dr. Greco's March 19 medical evaluation was not supported by that evidence. In light of the facts discussed above, as well its own review of the remainder of the record, the court concludes that

---

[5] The record reveals that these opinions fully support the ALJ's determination that plaintiff is capable of performing a full range of light work. See 20 C.F.R. § 404.1567(b) (defining "light work" for the purposes of making disability determinations).

the ALJ's decision to not afford Dr. Greco's evaluation controlling weight is well-supported by the record.[6] See 20 C.F.R. § 404.1527(d)(2) (noting that a treating physician's opinion is entitled to controlling weight if it is well-supported and not inconsistent with other substantial evidence); Johnson, 434 F.3d 650, at 654 (observing that an ALJ has discretion "to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.").

Having determined that the ALJ was not required to give controlling weight to Dr. Greco's March 19 opinion, the court must now determine whether the ALJ considered the factors set forth in 20 C.F.R. § 404.1527(d) when determining the appropriate weight to assign Dr. Greco's opinion. As discussed in the R&R, the ALJ noted that Dr. Greco was plaintiff's treating physician and an orthopedic surgeon. See R&R at 24 (citing Record at 10, 12). It is also clear that the ALJ was well aware of the length, nature, and extent of Dr. Greco's relationship with plaintiff because he cited several medical evaluations and reports generated by Dr. Greco throughout his treatment relationship with plaintiff. Record at 10-13. Finally, as discussed above, it is evident that the ALJ considered the evidentiary support for Dr. Greco's opinion, as well as the consistency of the opinion with the record as a whole. Accordingly, the court finds that the ALJ fully considered the factors set forth in the relevant regulations when determining the appropriate weight to assign Dr. Greco's March 19 opinion. See Burch, 9 Fed. Appx. at 259 (citing 20 C.F.R. 404.1527(d)); Armijo v. Astrue, 385 Fed. Appx. 789, 795 (10th Cir. 2010) (noting that while the express application of each factor is not necessary, "the ALJ's decision

_____

[6] In reaching this conclusion, the court does not rely on the R&R's determination that Dr. Greco's opinion is not entitled to controlling weight because it "concerns [plaintiff's] ability to perform work, which is an issue reserved to the Commissioner . . . ." R&R at 23. Rather, the court relies on the record and its support for the ALJ's conclusion that Dr. Greco's opinion lacks evidentiary support.

8

[must be] sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinion and the reasons for that weight.").

Turning to Dr. Gibson, the ALJ rejected his March 12, 2009 medical evaluation which concluded, upon noting that plaintiff's impairment limited his ability to concentrate, lift certain weights, and stand or sit for more than one to two hours, that plaintiff was unable to work full time. Record at 269-70. As a preliminary matter, it is important to note that, contrary to plaintiff's claims, Dr. Gibson is a non-treating physician because there is no indication in the record that he had an ongoing treatment relationship with plaintiff at the time of his March 12 report.[7] As a result, Dr. Gibson's March 12 opinion is not entitled to controlling weight. See 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling 96-2p, July 2, 1996, 1996 WL 374188, at *1.

---

[7] Plaintiff contends that "[a] treating physician is a treating physician on his first visit as well as his three hundredth. The treating relationship is a professional one undertaken at the first moment of engagement." Pl.'s Objection to R&R at 9. The relevant regulations, however, are clear that an individual's status as a treating physician is contingent upon the existence of an ongoing treatment relationship. As previously discussed, a "non-treating" source is defined as a physician who has examined a plaintiff but "but does not have, or did not have, an ongoing treatment relationship" with that plaintiff, while a treating source is defined as a physician who provides a plaintiff with medical treatment and "who has, or has had, an ongoing treatment relationship" with that plaintiff. 20 C.F.R. § 404.1502. Furthermore, in explaining why treating source's opinions are generally given more weight, the regulations state that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. 404.1527(d)(2) (emphasis added). Here, as discussed in the text above, there is no evidence in the record indicating that Dr. Gibson examined plaintiff prior to the examination underlying his March 12 evaluation. Thus, while Dr. Gibson may have developed an ongoing treatment relationship with plaintiff after issuing his March 12 evaluation, the record indicates that such a relationship did not exist at the time he examined plaintiff for the purposes of that evaluation.

Even assuming that Dr. Gibson were a treating a physician, the outcome of the court's analysis would not change. Similar to the evaluation of Dr. Greco, the ALJ rejected Dr. Gibson's evaluation because it was "not supported by any clinical evidence in the record." Record at 13. Such a determination is supported by the record in this case.

Having determined that Dr. Gibson's March 12 evaluation is not entitled to controlling weight, the court must now determine whether the ALJ considered the factors set forth in 20 C.F.R. § 404.1527(d) when deciding what weight to assign Dr. Gibson's opinion. According to the ALJ, he rejected Dr. Gibson's opinion because it was "not supported by any clinical evidence in the record." Record at 13. As discussed above in the context of Dr. Greco's opinion, the ALJ reached this conclusion upon a thorough review of the medical evidence in this case. As a result, it is clear that the ALJ evaluated Dr. Gibson's opinion in light of its evidentiary support, as well as its consistency with the record as a whole. Accordingly, the court finds that the ALJ based his decision to reject Dr. Gibson's opinion on an evaluation of the appropriate regulatory factors. See Burch, 9 Fed. Appx. at 259 (citing 20 C.F.R. 404.1527(d)); Lauxman v. Astrue, 321 Fed. Appx. 766, 769 (10th Cir. 2009) (noting that "an ALJ's rejection of a non-treating physician's opinion adequately demonstrated his consideration of the opinion's consistency with other evidence in the record." (citing Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003))).

## Conclusion

The court has thoroughly reviewed the record, the Report and Recommendation of the Magistrate Judge, plaintiff's objections thereto, the Commissioner's response to plaintiff's objections, and the memoranda in support of, and in opposition to, the motions for summary judgment. Upon conducting a *de novo* review of the portions of the Report and Recommendation to which plaintiff objects, and in light of the entire record of the case, the court finds that the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence and was reached based upon a correct application of the relevant law. The court further finds that in determining plaintiff's RFC, the

ALJ weighed the opinions of Dr. Greco and Dr. Gibson in accordance with the relevant regulations. Accordingly the Report and Recommendation is **ADOPTED** in part,[8] and it is hereby **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. As a result, plaintiff's Motion for Summary Judgment is **DENIED**, and defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk is also **REQUESTED** to mail copies of this Opinion and Order to counsel of record for the parties.

**IT IS SO ORDERED.**

/s/

Jerome B. Friedman
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 2-8, 2011

---

[8] For the reasons previously discussed, the court declines to adopt the Report and Recommendation to the extent that it concludes that medical source statements are not medical opinions and, by definition, can never be given controlling weight. Consequently, the court declines to adopt the Report and Recommendation's analysis of Dr. Greco's March 19 medical evaluation to the extent that it relies upon the aforementioned conclusion. The remainder of the Report and Recommendation, however, is adopted in its entirety.